IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD LEE SAMUELSON,

    Petitioner,        No. CIV S-10-0383 GGH P

    vs.

DAVID TRISTAN,        ORDER &

    Respondent.        FINDINGS AND RECOMMENDATIONS

    _____/

        By order filed on March 2, 2010, petitioner pro se's purported petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed with leave to amend within twenty-eight days. Petitioner was also directed to file an in forma pauperis affidavit or pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        As to any amended petition, the court will liberally construe his "motion to order H.D.S.P. to correct and update petitioner's release date," at docket # 6, as his amended petition, although filed beyond the time for which petitioner was permitted to file an amended petition. Petitioner, in this amended filing, asks the court to order High Desert State Prison to adjust his release date to May 19, 2010, from August 19, 2010, based on his claim that a CDCR administrative committee action has restored 90 days of good time credit to him, but the

adjustment has not been made to his release date. Docket # 6, p. 1. Apparently, in the alternative, petitioner asks that any additional time spent in custody beyond May 19, 2010, be deducted from his parole discharge date. Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner references having made a stymied effort to begin the administrative appeals effort. He fails altogether, however, to demonstrate that he has exhausted, or even made an attempt to exhaust, state court remedies and it is apparent that his claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. The Clerk of the Court is directed to make a district judge assignment to this case.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the motion filed at docket # 6 in the instant case, construed as an amended petition, on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
samu0383.fte